UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN ROSS,

    Plaintiff,

v.   Case No: 8:20-cv-2737-T-36SPF

REGAL CINEMAS, INC. and JANET REHKA,

    Defendants.

_____

**ORDER**

This cause is before the Court on the Court's Order to Show Cause (Doc. 6) and Defendants' Response to Court's Order to Show Cause (Doc. 10). On November 24, 2020, the Court directed Defendants, Regal Cinemas, Inc. ("Regal") and Janet Rehka ("Rehka") (collectively "Defendants"), to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction because the amount in controversy for diversity jurisdiction had not been sufficiently established and the removal was untimely. Doc. 6. In response, Defendants provide a summary of medical expenses totaling in excess of $67,000, arguing that the past medical bills, coupled with Plaintiff's claim for lost wages and pain and suffering, support that the amount in controversy exceeds the $75,000 jurisdictional threshold. As for the timeliness of the removal, Defendants concede the action was removed more than one year after the initial filing, but they argue that Plaintiff's bad faith excuses Defendants' untimely

removal. While it appears that Defendants likely can demonstrate the amount in controversy is satisfied for purposes of diversity jurisdiction, the Court finds that Defendants nevertheless fail to establish Plaintiff's bad faith to cure the late removal. Accordingly, the Court will remand the action to the Sixth Judicial Circuit in and for Pinellas County.

## I.   BACKGROUND

On December 30, 2017, Plaintiff Susan Ross ("Plaintiff") was an invitee at Regal Cinemas in Pinellas Park, Florida, when she fell on steps and suffered personal injuries. Doc. 1-1. ¶ 10. On July 1, 2019, Plaintiff filed suit in state court against Regal and "John or Jane Doe store manager," alleging damages in excess of $15,000. *Id.* ¶ 1; *see also* Doc. 1 at 1.

On September 25, 2019, Regal filed its first petition for removal to federal court based on diversity of citizenship. *Id.* at 2. Because Regal failed to establish the amount in controversy exceeded $75,000, the court remanded the action to state court. *Id.*; *see also* Doc. 11 in *Ross v. Regal Cinemas Inc.*, Case No. 19-cv-2381-T-30JSS (M.D. Fla. Oct. 17, 2019).

On December 11, 2019, Regal filed a renewed petition for removal predicated on diversity of citizenship. *See* Doc. 1 in *Ross v. Regal Cinemas, Inc.*, Case No. 19-cv-3038-T-36TGW (M.D. Fla.). On December 12, 2019, Regal withdrew its renewed petition for removal stating it cannot yet establish the amount in controversy is satisfied and requested the Court allow it to withdraw its renewed petition for removal "for the time being." *Id.* at Doc. 7.

2

On November 20, 2020, Regal sought removal for the third time with the filing of its Second Renewed Notice of and Petition for Removal. Doc. 1. Regal alleges that the parties are diverse because Plaintiff is a citizen of Michigan,[1] the individual Defendant employee Janet Rehka is a citizen of Florida,[2] and the corporate Defendant Regal is a citizen of Tennessee. Doc. 1 at 2. Thus, there is complete diversity among the parties. As for the amount in controversy, Regal states that it served a request for admission to Plaintiff in the state court action, requesting that Plaintiff admit she is seeking in excess of $75,000, and on November 2, 2020, Plaintiff finally admitted that the amount in controversy exceeds $75,000 by admitting Defendant's request. *Id.* at 3.

Defendants supplement their allegations regarding the amount in controversy by providing a summary of Plaintiff's medical expenses from November 23, 2017 through March 27, 2018, that total $67,222.96. Doc. 10-1. Also, Defendants submit evidence that Plaintiff is now seeking lost wages, despite previously indicating she was not. Defendants provide a copy of Plaintiff's interrogatory answers in which she states that she is making a wage claim. Doc. 10-2. The signature page is not provided and thus it is unclear when these answers were given, but in any event, Plaintiff testified in her May 2020 deposition that she was seeking lost wages. Doc. 10-5 at 55–58.

---

[1] Plaintiff alleged in her initial and amended complaints that she was a resident of Pinellas County, Florida at all material times, but Defendants learned at Plaintiff's deposition taken May 27, 2020 that she moved back to Michigan prior to the time the action was filed. Doc. 10 at 4; *see also* Doc. 10-5 at 6:2–11.

[2] In the Amended Complaint, Plaintiff alleges Rehka is the store manager for Regal and is a resident of Pinellas County, Florida. Doc. 1-1, ¶ 5

## II.     LEGAL STANDARD

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions

sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

It is a removing defendant's burden, as the party who invoked the court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). However, the court may not speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010).

Procedurally, removal is governed by 28 U.S.C. § 1446, which requires that the notice of removal be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the

5

initial pleading is not removable," then a notice of removal may be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Where this latter method of removal is employed in a diversity case, then the case may not be removed "more than 1 year after commencement of the action," unless the plaintiff acted in bad faith to prevent removal. *Id*. § 1446(c)(1).

## III.   DISCUSSION

This action was initiated on July 1, 2019. Defendants' petition for removal was filed over sixteen months later, on November 20, 2020. The notice of removal is untimely under 28 U.S.C. § 1446, which provides in relevant part that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In their response to the Court's Order to Show Cause, Defendants argue that Plaintiff has acted in bad faith, thereby excusing the untimeliness of Defendants' removal. Doc. 10. Specifically, Defendants contend Plaintiff acted in bad faith precluding them from timely removing this action because (1) Plaintiff initially refused to admit she is seeking damages in excess of $75,000, and then later admitted it; (2) pursuing a Florida resident John/Jane Doe in an attempt to destroy diversity; (3) "misrepresenting" her Michigan citizenship as a Florida citizen in her pleadings; (4)

6

changing sworn discovery responses regarding her lost wage claim; and (5) making improper objections to Defendants' discovery aimed at determining the jurisdictional amount.

The Court will address Defendants' first and last arguments together as both concern Plaintiff's response to the requests for admissions. As stated in the Court's Order to Show Cause, attempts to establish the amount in controversy requirement for diversity of citizenship jurisdiction through responses to requests for admissions have been frequently rejected as insufficient by courts in this District. *See* Doc. 6 at 5 (collecting cases). Such response fails to offer a factual basis to establish that the amount in controversy requirement is met and does not relieve defendants of their obligation to establish facts supporting the existence of federal jurisdiction. *See, e.g., Ernst v. Coca-Cola Refreshments USA, Inc.*, No. 8:18-cv-2482-T-33JSS, 2018 WL 7352152, at *1 (M.D. Fla. Oct. 10, 2018) (Covington, J.) (holding that a defendant, relying solely on plaintiff's admission, did not prove that the amount in controversy had been met).

Defendants have now proffered evidence by way of medical bills to support their claim that the jurisdictional amount in controversy has been met. Of note, the medical bills are from dates of service from March 2018 and earlier. Defendants do not state when they first learned of these medical expenses and do not claim as a basis for bad faith that Plaintiff withheld the amount of medical bills until after the one-year period of time for removal (July 1, 2020) had passed. The amount of medical bills provide the type of evidence usually required for demonstrating the jurisdictional amount.

Plaintiff's initial objection and then response to request for admissions is not pivotal to the Court's jurisdictional analysis. *See e.g., Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-T-23EAJ, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (Merryday, J.) ("plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because '[j]urisdictional objections cannot be forfeited or waived'").

Defendants next argue that Plaintiff named the store manager as a Defendant in an effort to destroy diversity. In certain circumstances, a store manager may be held individually liable. Under Florida law, to hold a company's officer or agent individually liable for a tort, a plaintiff must show that a duty was breached by the officer or agent through personal, as opposed to technical or vicarious, fault. *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. 1st DCA 1989). To the extent that Plaintiff could establish the store manager's individual liability, then she may pursue a claim against the manager individually. The Court draws no conclusions here as to Rehka's liability. Rather, the point is that pursuing a claim against a store manager individually does not necessarily constitute bad faith, and Defendants' argument to the contrary is unavailing.

On the issue of Plaintiff's citizenship, Defendants claim that Plaintiff acted in bad faith by pleading that she was a Florida resident. As a preliminary matter, residency and citizenship are not the same. The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual is a citizen of the state in which he or she is domiciled. *Plevin v. U.S. Bank Nat'l Ass'n*

8

*for Fla. Mortg. Resolution Tr., Series 2014-4*, No. 6:15-cv-412-Orl-41KRS, 2015 WL 12859413, at *1 (M.D. Fla. May 13, 2015) (Spaulding, M.J.) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotations and alterations omitted). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). The fact Plaintiff alleged she resided in Florida during the relevant time frame does not constitute bad faith. In any event, Plaintiff's Michigan citizenship became apparent to Defendants when she was deposed in May 2020, which was still within the one-year time frame for removal. Similarly, Defendants became aware during Plaintiff's May 2020 deposition that she was pursuing a wage claim. Thus, her change in position did not prevent Defendants from timely removing this action prior to July 1, 2020.

Accordingly, it is hereby

**ORDERED and ADJUDGED:**

1. This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pinellas County, Florida.

3. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 12, 2021

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

10